IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO.: 1:08CR385 |
| v. | ) | |
| | ) | Sentencing: February 27, 2009 |
| EZENWA ONYEDEBELU, | ) | The Honorable T.S. Ellis, III |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America believes that the Sentencing Guidelines establish a reasonable sentencing range that appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a) and requests that this Court impose a sentence within the 33-41 month guideline range as calculated by the Probation Officer.

**I.   OFFENSE OF CONVICTION**

On November 20, 2008, the defendant pled guilty to a single-count Indictment charging him with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349. The maximum penalty for this offense is a term of imprisonment of thirty years, a fine of $1,000,000, full restitution, a special assessment, and five years of supervised release.

**II.   LEGAL STANDARD**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court made clear that sentencing courts should "consult the [Sentencing] Guidelines and take them into account when sentencing." *Id.* at 264; *see also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (E.D. Va.

2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities" *Booker* at 264 (citations omitted). The Court of Appeals for the Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

### III.    ARGUMENT

The instant offense involves a serious crime, which Congress has made punishable by up to thirty years in prison and a fine of up to $1,000,000. Although the government has agreed to hold the defendant responsible for only those losses that the government could directly link to the defendant, the conspiracy as a whole was responsible for stealing millions of dollars from financial institutions.

The defendant's participation in this scheme was similar to that of Abel Nnabue, who

was sentenced on January 30, 2009.  The main differences being that Nnabue was responsible for more in losses and he has prior criminal convictions.  As a result, it is appropriate that Onyedebelu get a slightly lower sentence than the 54-month sentence received by Nnabue.  This would be accomplished by a sentence within the 33-41 month advisory guideline range.

Although he is quite young, Onyedebelu was quite close to Tobechi Onwuhara ("Onwuhara"), the main subject in this case, who was said to be grooming Onyedebelu.  While a guideline sentence may not be necessary in order to deter Onyedebelu from future illegal conduct, it is necessary to dissuade others from a similar course of conduct.

Various cooperating witnesses have informed the government that Onwuhara has told members of the conspiracy that they will only have to do a few years in prison and if they keep their mouths shut he will take care of them upon their release.  A short sentence would seem to be little enough of a deterrent to future crimes in which millions of dollars are stolen.

**IV.     PUBLICATION**

The Court requested that the United States determine a means by which it would publicize the sentences in this case to people in Nigeria as a warning to potential fraudsters.  The United States Attorney's Office is working in conjunction with the Federal Bureau of Investigation to coordinate a press release highlighting the sentences in this case.  In addition, the FBI is working with their legal attache in Nigeria to distribute copies of that release within Nigeria.

In order to maximize the impact of the release, the United States plans to make a single release that will highlight not only the lengthy sentences participants received, but also the large

number of people involved and prosecuted. If possible, the USAO will also coordinate the release with the USAO in New Jersey and the United States Postal Inspection Service, who are prosecuting a related group comprised mainly of Nigerian nationals.

## V. CONCLUSION

Based on the factors above, the United States recommends a sentence within the 33-41 month guideline range. The United States believes that such a sentence adequately accounts for the 3553(a) factors and is sufficient, but not greater than necessary given the crime, the defendant, and the facts of this case.

Respectfully submitted,

Dana J. Boente
Acting United States Attorney

By: /s/ John Eisinger
John Eisinger

/s/ Tyler Newby
Tyler Newby
Attorneys for the United States
U.S. Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700 [Phone]
703-299-3981 [Fax]

Dated: February 20, 2009

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 20rd day of February, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Marvin D. Miller, Esquire
Attorney for the Defendant
1203 Duke Street
Alexandria, VA 22314
(703) 548-5000 [Phone]
(703) 739-0179 [Fax]

              By:  /s/ John Eisinger
                  John Eisinger
                  Virginia Bar No. 65428
                  Attorney for the United States
                  U.S. Attorney's Office
                  Justin W. Williams U.S. Attorney's Building
                  2100 Jamieson Avenue
                  Alexandria, Virginia 22314
                  703-299-3700 [Phone]
                  703-299-3981 [Fax]
                  ausa@eisinger.net